1   Brent H. Blakely (SBN 157292)
    bblakely@blakelylawgroup.com
2   Michael Marchand (SBN 281080)
    mmarchand@blakelylawgroup.com
3   BLAKELY LAW GROUP
    915 North Citrus Avenue
4   Los Angeles, California 90038
    Telephone: (323) 464-7400
5   Facsimile: (323) 464-7410
6   *Attorneys for Plaintiffs*
    *Paris Hilton and Parlux*
7   *Fragrances, LLC*

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  PARIS HILTON, an individual, and     ) CASE NO. CV13-00074 ~SS
    PARLUX FRAGRANCES, LLC, a
12  Delaware corporation,                ) COMPLAINT FOR DAMAGES
13                     Plaintiffs,        ) 1.   FEDERAL TRADEMARK
                                                 INFRINGEMENT
14            vs.                         )
15  GENESIS INTERNATIONAL               ) 2.   TRADE DRESS INFRINGEMENT
    PERFUME, an unknown business
16  entity, and DOES 1-10, inclusive;   ) 3.   UNFAIR COMPETITION
17                     Defendants.        ) 4.   FALSE DESIGNATIONS OF
                                                 ORIGIN
18                                       )
                                          ) 5.   TRADEMARK DILUTION
19                                              UNDER CALIFORNIA LAW
20                                       ) 6.   COMMON LAW UNFAIR
                                                 COMPETITION
21                                       ) 7.   DESIGN PATENT
                                                 INFRINGMENT
22
23                                          [JURY TRIAL DEMANDED]
24
25
26
27
28

1
COMPLAINT FOR DAMAGES

Plaintiffs Paris Hilton and Parlux Fragrances, LLC ("Plaintiffs") for their claims against Defendant Genesis International Perfume ("Defendant") respectfully allege as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs file this action against Defendant for trademark and trade dress infringement, trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), for claims of unfair competition under common law of the State of California, and a claim for design patent infringement under 35 U.S.C. § 1331 et seq.  This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367, and over the design patent infringement claim under 35 U.S.C. §§ 1331, 1332, and 1338.  This court has supplemental jurisdiction over the California unfair competition claim under 28 U.S.C. § 1367(a).

2.      This Court has personal jurisdiction over Defendant because Defendant conducts business within the state of California.

3.      This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendant within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

4.      Plaintiff Paris Hilton is an individual who, at all times relevant hereto, was domiciled in Los Angeles, California.  Hilton is the owner of the trademark PARIS HILTON for fragrances and other beauty products.  A copy of the U.S. Patent and Trademark Office's registration for PARIS HILTON is attached hereto as **Exhibit 1**.

5.      Plaintiff Parlux Fragrance, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 5900 North Andrews Avenue, Suite 500, Fort Lauderdale, Florida 33309. Parlux Fragrance, LLC is successor by merger to Parlux Fragrances, Inc.  Parlux

1   Fragrances, Inc. is the assignee of Design Patent No. US D518,382. A copy of the
2   U.S. Patent and Trademark Office's Design Patent D518,382 is attached hereto as
3   **Exhibit 2.**
4       6.      Parlux is engaged, inter alia, in the manufacturing and wholesale
5   distribution, both domestically and internationally, of fragrances, colognes, perfumes
6   and related accessories.
7       7.      Upon information and belief, Defendant Genesis International Perfume is
8   a an unknown business entity with a principal place of business located at 210 West
9   Olympic Boulevard, Los Angeles, CA 90015 . Defendant is a seller of perfumes and
10  fragrances, including the Infringing Products complained of herein.
11      8.      Plaintiffs are unaware of the names and true capacities of Defendants,
12  whether individual, corporate and/or partnership entities, named herein as DOES 1
13  through 10, inclusive, and therefore sues them by their fictitious names. Plaintiffs will
14  seek leave to amend this complaint when their true names and capacities are
15  ascertained. Plaintiffs are informed and believes and based thereon alleges that said
16  Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the
17  wrongs alleged herein, and that at all times referenced each was the agent and servant
18  of the other Defendants and was acting within the course and scope of said agency and
19  employment.
20      9.      Plaintiffs are informed and believe, and based thereon allege, that at all
21  relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or
22  reasonably should have known of the acts and behavior alleged herein and the damages
23  caused thereby, and by their inaction ratified and encouraged such acts and behavior.
24  Plaintiffs further allege that Defendant and DOES 1 through 10, inclusive, have a non-
25  delegable duty to prevent or cause such acts and the behavior described herein, which
26  duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.
27
28

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.   Plaintiff Paris Hilton's Trade Dress and Trademark**

10.   Paris Hilton is the worldwide owner of several trademarks in connection with various goods and services, including but not limited to, clothing and footwear, cosmetics, retail store services, fragrance, watches and a wide variety of fashion accessories worldwide. Paris Hilton is the owner of numerous trademark registrations in the U.S. and in 60 additional countries throughout the world.

11.   Paris Hilton is an international celebrity, actress, fashion designer, musician and socialite. She has appeared in movies and on television. Paris Hilton stores are found worldwide and the Paris Hilton brand includes handbags, watches and footwear, in addition to fragrances. Millions of bottles of her fragrances have been sold.

12.   Paris Hilton owns an incontestable United States trademark registration under number 3,059,587 for the trademark PARIS HILTON for "fragrances, namely, perfumes, eau de parfum, cologne, eau de toilet, body lotion, bath gel, hand soap, perfumed soap and cosmetics" in Class 3.

13.   Paris Hilton has continuously and exclusively used this PARIS HILTON mark in connection with the PARIS HILTON line of fragrances and related beauty products since at least 2004.

14.   The PARIS HILTON fragrances and beauty products feature a line for women and a line for men. (Both the PARIS HILTON men's and women's fragrance line will be collectively referred to herein as the "PARIS HILTON fragrances and beauty products" if not otherwise specified.)

15.   The fragrances and related beauty products bearing the PARIS HILTON trademark are marketed and sold nationally by well-known retailers such as Macy's, Perfumania, Wal-Mart, and Kohls, as well as online.

16.     The PARIS HILTON fragrances are sold individually and also as part of a packaged gift set that includes other beauty products, such as body lotion and shower gel for women and hair and body wash and deodorant for men.

17.     Plaintiff also owns distinctive trade dress packaging in connection with her PARIS HILTON trademark (the "PARIS HILTON trade dress").

18.     The PARIS HILTON trade dress is intended to establish an identity in packaging design among the PARIS HILTON fragrances and beauty products.

19.     The fragrances bearing the PARIS HILTON trademark have a unique trade dress that has contributed to the successful marketing and sales of the fragrance lines.  Among the key elements of this distinctive trade dress are: (i) cylindrical-shaped bottles; (ii) clear pink bottles for the women's fragrance and clear blue for the men's fragrance; (iii) a vertical black wave design overlaid on the bottle; and (iv) the brand name Paris Hilton written in black, lower case, and cursive font against a silver background.

20.     The beauty products bearing the PARIS HILTON trademark have a unique trade dress that has contributed to the successful marketing and sales of the fragrance lines.  Among the key elements of this distinctive trade dress are: (i) black tubes and (ii) the brand name Paris Hilton written in cursive lettering and displayed vertically in metallic pink (for women) or metallic blue (for men).

21.     The packaging for individual fragrances bearing the PARIS HILTON trademark have a unique trade dress that has contributed to the successful marketing and sales of the fragrance lines.  Among the key elements of this distinctive trade dress are: (i) metallic pink (for women) or metallic blue (for men) boxes; (ii) a vertical black wave design overlaid on the box; (iii); and the brand name Paris Hilton written in metallic silver, lower case, and cursive font running vertically up the right side of the box.

22.     The packaging for boxed gift sets bearing the PARIS HILTON trademark have a distinctive trade dress that has contributed to the successful marketing and sales

of the fragrance lines.  Among the key elements of this distinctive trade dress are: (i) metallic pink (for women) or metallic blue (for men) boxes; (ii) a vertical black wave design overlaid on the box; (iii); and the brand name Paris Hilton written in silver, lower case, and cursive font running vertically up the right side of the box.

23.    The PARIS HILTON trade dress is distinctive of Paris Hilton's products and has become a valuable element of their reputation and goodwill and is recognized as such by the trade and consuming public.

24.    The PARIS HILTON trade dress is inherently distinctive in that the choice and arrangement of colors and graphics in addition to the shape and size is arbitrary, suggestive, and/or fanciful.

25.    The PARIS HILTON trade dress has acquired secondary meaning due to Paris Hilton's longstanding and consistent use of the PARIS HILTON trade dress throughout her PARIS HILTON product line and extensive promotion and sales since at least 2004.  As a result, consumers who see fragrance or beauty products with the distinctive PARIS HILTON trade dress immediately recognize these products as Paris Hilton's products.

26.    PARIS HILTON trade dress is not functional and is used as a source identifier for Paris Hilton's products.

**B.    Defendant's Infringement of Plaintiff Paris Hilton's Trademark and Trade Dress**

27.    In or around October, 2012, perfumes bearing marks and designs identical and/or substantially indistinguishable from the PARIS HILTON trademark and trade dress ("Infringing Products") were obtained from Defendant, located 210 W. Olympic Blvd., Los Angeles, CA 90015.

28.    The perfumes sold by Defendant are packaged and labeled in a style and manner intentionally and confusing similar to the PARIS HILTON products.

29.     Defendant is not authorized by Plaintiff Paris Hilton to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Plaintiffs' federally registered trademarks and copyrights.

**C.     Plaintiff Paris Hilton's Trade Dress and Trademark**

30.     On April 4, 2006 the United States Patent and Trademark Office duly and lawfully issued to Parlux Fragrances, Inc., as assignee, United States Patent D518,382. (the "Parlux Design") (**Exhibit 2**).

31.     Parlux Fragrances, LCC, as successor by merger to Parlux Fragrances, Inc., owns all right, title, and interest in and to the asserted design patent D518,382.

32.     The Parlux Design covers many of the famous ornamental features of the PARIS HILTON fragrance bottle, such as the transparent cylindrical bottle and cap with a helical pattern continuing around the surface of the bottle.

**D.     Defendant's Infringement of the Parlux Design**

33.     Defendant has misappropriated the Parlux Design or a colorable imitation thereof in the Infringing Products.

34.     An ordinary observer familiar with the prior art would be deceived into thinking that the design of the Infringing Products was the same as the Parlux Design.

35.     Defendant's actions have been without license or authority of Parlux.

36.     Defendant's action have been taken knowingly and willingly.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement)

37.     Paris Hilton repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

38.     Paris Hilton owns United States trademark registration number 3,059,587 for the trademark PARIS HILTON for "fragrances, namely, perfumes, eau de parfum, cologne, eau de toilet, body lotion, bath gel, hand soap, perfumed soap and cosmetics" in Class 3.

39.     This trademark is uncontestable.

40.     Defendant has manufactured, promoted, distributed, and/or sold in commerce reproductions, copies and colorable imitations of the registered PARIS HILTON trademark in connection with the manufacture, sale, advertising, and distribution of Defendant's Infringing Products.

41.     Defendant's manufacture, distribution, sale and promotion of the Infringing Products are likely to cause confusion and mistake and to deceive customers as to the source, origin, or sponsorship of the Infringing Products.  Consumers seeing the offending products in the marketplace likely will believe that they are produced by, sponsored by, associated with, or otherwise affiliated with Paris Hilton or her PARIS HILTON fragrances and beauty products.  Consumers are also likely to be confused in the post-sale context.

42.     Defendant's deceptive marketing and sales practices in connection with its Infringing Products constitute infringement of the registered PARIS HILTON trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     Defendant's acts of trademark infringement were and are willful and deliberate.

44.     Upon information and belief, Defendant has profited from its illegal and bad faith activities.

45.     As a consequence of these wrongful acts, Paris Hilton has suffered monetary damages, loss and injury in an amount not yet determined, and Paris Hilton will continue to suffer irreparable damages for which there is no adequate remedy at law, unless and until Defendant's infringing activities are enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement)

46.     Paris Hilton repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

47.     On the basis of the foregoing paragraphs, Defendant is using a trade dress that is identical or confusingly similar to the trade dress of the men's and women's

1  PARIS HILTON fragrances and beauty products in a manner that has caused and is
2  likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,
3  connection, or association of Defendant with Paris Hilton, or as to the origin,
4  sponsorship, or approval of Defendant's goods by Paris Hilton.

5      48.    The PARIS HILTON trade dress used in packaging its fragrances and
6  beauty products is inherently distinctive in that it is arbitrary, suggestive, and/or
7  fanciful.

8      49.    The PARIS HILTON trade dress used in packaging its fragrances and
9  beauty products has acquired distinctiveness through secondary meaning.

10     50.    The PARIS HILTON trade dress is non-functional.

11     51.    Defendant's acts in manufacturing, offering for sale, selling and
12  distributing Infringing Products which are confusingly similar to the men's and
13  women's PARIS HILTON fragrances and beauty products constitute infringement of
14  the PARIS HILTON trade dress in violation of Section 43(a) of the Lanham Act, 15
15  U.S.C. § 1125(a).

16     52.    Defendant's acts of trade dress infringement were and are willful and
17  deliberate.

18     53.    Upon information and belief, Defendant has profited from its illegal and
19  bad faith activities.

20     54.    As a consequence of these wrongful acts, Paris Hilton has suffered
21  monetary damages, loss and injury in an amount not yet determined, and Paris Hilton
22  will continue to suffer irreparable damages for which there is no adequate remedy at
23  law, unless and until Defendant's infringing activities are enjoined by this Court.

24                        **THIRD CLAIM FOR RELIEF**
25                            **(Unfair Competition)**

26     55.    Paris Hilton repeats and re-alleges the allegations in the foregoing
27  paragraphs as though fully set forth herein.

28

56.     On the basis of the foregoing paragraphs, Defendant is using product trade dress that is identical or confusingly similar to the trade dress of the men's and women's PARIS HILTON fragrances and beauty products in a manner that has caused and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Paris Hilton, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff.

57.     Defendant's acts in offering for sale, selling and distributing products which are confusingly similar to the men's and women's PARIS HILTON fragrances and beauty products constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.     Defendant's acts of unfair competition were and are willful and deliberate.

59.     Upon information and belief, Defendant has profited from its illegal and bad faith activities.

60.     As a consequence of these wrongful acts, Paris Hilton has suffered monetary damages, loss and injury in an amount not yet determined, and Paris Hilton will continue to suffer irreparable damages for which there is no adequate remedy at law, unless and until Defendant's infringing activities are enjoined by this Court.

## **FOURTH CLAIM FOR RELIEF**

### **(False Designation of Origin)**

61.     Paris Hilton repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

62.     On the basis of the foregoing paragraphs, Defendant used and continues to use in commerce a word, term, name, symbol or device, or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Paris Hilton, or as to the origin, sponsorship, or approval of Defendant's goods by Paris Hilton.

63.    Defendant's acts in manufacturing, promoting, offering for sale, selling and distributing products which are confusingly similar to the men's and women's PARIS HILTON fragrances and beauty products constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.    Defendant's acts of using a false designation of origin were and are willful and deliberate.

65.    Upon information and belief, Defendant has profited from its illegal and bad faith activities.

66.    As a consequence of these wrongful acts, Paris Hilton has suffered monetary damages, loss and injury in an amount not yet determined, and Paris Hilton will continue to suffer irreparable damages for which there is no adequate remedy at law, unless and until Defendant's infringing activities are enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

### (Federal Trademark Dilution)

67.    Paris Hilton repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

68.    Paris Hilton's Trademark is distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

69.    Defendant has manufactured, promoted, distributed and/or sold products in commerce whose trade dress is confusingly similar to the trade dress of the men's and women's PARIS HILTON fragrances and beauty products.  The Defendant's acts tend to and do falsely create the impression with consumers that the Infringing Products it manufactures, promotes, distributes and/or sells are authorized or affiliated with Paris Hilton, and are of the same quality as Paris Hilton's products when they are not.  These acts are likely to dilute the distinctive quality of Paris Hilton's Trademark and/or Paris Hilton's Trademark's reputation in violation of the Lanham Act, 15 U.S.C. § 1125(c).

70. On information and belief, Defendant's use of the Infringing Products began after the PARIS HILTON trademark became famous.

71. Defendant committed these acts of trademark dilution with the intent to trade on Paris Hilton's reputation and/or to cause dilution of Paris Hilton's Trademark.

72. Upon information and belief, Defendant has profited from its illegal and bad faith activities.

73. As a consequence of these wrongful acts, Paris Hilton has suffered monetary damages, loss and injury in an amount not yet determined, and Paris Hilton will continue to suffer irreparable damages for which there is no adequate remedy at law, unless and until Defendant's infringing activities are enjoined by this Court.

## SIXTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

74. Paris Hilton repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

75. Paris Hilton has created and promoted her PARIS HILTON line of fragrances and beauty products, including her Trademark, packaging, and trade dress, through extensive time, labor, skill and money.

76. Defendant has misappropriated the results of that labor and skill and those expenditures of Paris Hilton.

77. Defendant has used designs and trade dress that are identical to or confusingly similar to Paris Hilton's designs and trade dress, for identical or highly similar goods, in competition with Paris Hilton, gaining an unfair advantage, because Defendant bore little or no burden of expense of development and promotion of the designs and trade dress.

78. By knowingly using confusingly similar designs and trade dress for identical or highly similar goods to compete against Paris Hilton's goods, Defendant has misappropriated a commercial advantage belonging to Paris Hilton.

79.     Defendant has also engaged in bad faith misappropriation of the labors of Paris Hilton which is likely to cause confusion, and to deceive purchasers as to the origin of the goods, and which diluted the value of the Paris Hilton's product designs and trade dress.

80.     Defendant's acts of misappropriation and unfair competition have caused significant commercial damage to Paris Hilton.

81.     Defendant's business conduct is illegal and actionable under the common law of unfair competition in the State of California.

82.     Upon information and belief, Defendant has profited from its illegal and bad faith activities.

83.     As a consequence of these wrongful acts, Paris Hilton has suffered monetary damages, loss and injury in an amount not yet determined, and Paris Hilton will continue to suffer irreparable damages for which there is no adequate remedy at law, unless and until Defendant's infringing activities are enjoined by this Court.

## SEVENTH CLAIM FOR RELIEF

### Design Patent Infringement

84.     Parlux repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

85.     Defendant has infringed and continues to infringe the 'D382 Patent by manufacturing, distributing, promoting, using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the Paris Hilton fragrance bottles identified in this Complaint, which embody the design covered by the Parlux Design.  Defendant's actions constitute infringement of the Parlux Design under 5 U.S.C. § 271 and 35 U.S.C. § 289.

86.     Defendant's acts of infringement were and are willful and deliberate.

87.     Upon information and belief, Defendant has profited from its illegal and bad faith activities.

88.     Upon information and belief, Defendant's conduct renders this case exceptional within the meaning of 35 U.S.C. § 285 such that Parlux is entitled to its reasonable attorneys' fees for this case.

89.     As a consequence of these wrongful acts, Parlux has suffered monetary damages, loss and injury in an amount not yet determined, and Parlux will continue to suffer irreparable damages for which there is no adequate remedy at law, unless and until Defendant's infringing activities are enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that the Court, upon final hearing of this matter, grant the following relief against Defendant:

A.      That Defendant be adjudged to have engaged in trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114;

B.      That Defendant be adjudged to have engaged in trade dress infringement, unfair competition and/or trademark dilution under Section 43 of the Lanham Act, 15 U.S.C. § 1125;

C.      That Defendant be adjudged to have engaged in unfair competition, trade dress and trademark infringement, trade dress dilution, and unfair and deceptive acts under California  common and statutory law;

D.      That Defendant be adjudged to have engaged in patent infringement under 35 U.S.C. §§ 271 and 289;

E.      That the Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be permanently enjoined from engaging in any activities which infringe any of Plaintiffs' rights;

F.      That the Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be permanently enjoined pursuant to 35 U.S.C. § 283 from engaging in any activities which infringe Parlux's rights in the Parlux Design, including manufacturing,

1    distributing, promoting, selling or offering to sell product that directly infringe or

2    contributorily or actively inducing infringement of the Parlux Design;

3            G.      That the Defendant, its officers, agents, servants, employees,

4    representatives, distributors, and all persons in concert or participation with Defendant

5    be permanently enjoined from offering for sale, selling, distributing or marketing

6    merchandise in any way that tends to deceive, mislead or confuse the public into

7    believing that Defendant's merchandise in any way originates with, is sanctioned by,

8    or affiliated with Ms. Hilton;

9            H.      That the Defendant, its officers, agents, servants, employees,

10    representatives, distributors, and all persons in concert or participation with Defendant

11    be permanently enjoined from otherwise competing unfairly with Ms. Hilton;

12            I.      That the Defendant, its officers, agents, servants, employees,

13    representatives, distributors, and all persons in concert or participation with Defendant

14    be permanently enjoined from engaging in further acts of misrepresentation or

15    infringement regarding Ms. Hilton and Ms. Hilton's products;

16            J.      That the Defendant, its officers, agents, servants, employees

17    representatives, distributors, and all persons in concert or participation with Defendant

18    be permanently enjoined from engaging in further deceptive and unfair business

19    practices with respect to Ms. Hilton;

20            K.      That Defendant be required to account for and pay over to Ms. Hilton all

21    damages sustained by Ms. Hilton, as well as any and all of Defendant's gains,

22    revenues, profits and advantages attributable to or derived by the acts complained of in

23    this Complaint, including an assessment of interest on the damages so computed, and

24    that the damages be trebled, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §

25    1117;

26            L.      That Defendant be required to account for and pay over to Parlux all

27    damages sustained by Parlux, as well as any and all of Defendant's gains, revenues,

28    profits and advantages attributable to or derived by the acts complained of in this

1  Complaint, including an assessment of interest on the damages so computed, and that

2  the damages be trebled, pursuant to 35 U.S.C. §§ 284 and 289, and all other applicable

3  law;

4       M.     That each such award of damages be enhanced to the maximum available

5  for each infringement in view of Defendant's willful infringement of Plaintiffs' rights;

6       N.     That Defendant be required to deliver for impoundment during the

7  pendency of this action, and for destruction thereafter, all copies of the infringing

8  materials in its possession or under its control and all materials used for making same;

9       O.     That Plaintiffs be awarded punitive or exemplary damages because of the

10  egregious, malicious, and tortious conduct of Defendant complained of herein;

11       P.     That Ms. Hilton recover the costs of this action including her expenses

12  and reasonable attorney's fees pursuant to 15 U.S.C. § 1117 and all other applicable

13  law because of the deliberate and willful nature of the infringing activities of

14  Defendant sought to be enjoined hereby, which make this an exceptional case

15  warranting such award;

16       Q.     That Parlux recover the costs of this action including its expenses and

17  reasonable attorney's fees pursuant to 35 U.S.C. § 285 and all other applicable law,

18  because of the deliberate and willful nature of the infringing activities of Defendant

19  sought to be enjoined hereby, which make this an exceptional case warranting such

20  award;

21       R.     That Plaintiffs be awarded pre-judgment and post-judgment interest;

22       S.     That Plaintiffs obtain all further relief permitted under the laws of the

23  United States and State of California;

24       T.     That Plaintiffs obtain all such other and further relief as this Court may

25  deem just and proper.

26

27

28

Dated:  December 28, 2012                    BLAKELY LAW GROUP

By: _____
                                                    Brent H. Blakely
                                                    Michael Marchand
                                                    *Attorneys for Plaintiffs*
                                                    *Paris Hilton and Parlux*
                                                    *Fragrances, LLC.*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

Dated:  December 28, 2012                    BLAKELY LAW GROUP

By: _____
                                                    Brent H. Blakely
                                                    Michael Marchand
                                                    *Attorneys for Plaintiffs*
                                                    *Paris Hilton and Parlux*
                                                    *Fragrances, LLC*

Trademark Electronic Search System (TESS)

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Dec 28 05:02:46 EST 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# PARIS HILTON

| | |
|---|---|
| **Word Mark** | PARIS HILTON |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: fragrances, namely, perfumes, eau de parfum, cologne, eau de toilet, body lotion, bath gel, hand soap, perfumed soap and cosmetics. FIRST USE: 20041015. FIRST USE IN COMMERCE: 20041015 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78412749 |
| **Filing Date** | May 4, 2004 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | July 26, 2005 |
| **Registration Number** | 3059587 |
| **Registration Date** | February 14, 2006 |
| **Owner** | (REGISTRANT) Hilton, Paris INDIVIDUAL UNITED STATES c/o Richard H. Hilton New York NEW YORK 10022 |
| **Attorney of Record** | Afschineh Latifi, Esq. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Other Data** | The name(s), portrait(s), and/or signature(s) shown in the mark identifies a living individual, whose consent(s) to register is submitted. |

**Exhibit 1**
1 of 2

12/28/2012 3:26 PM



US00D518382S

(12) **United States Design Patent**    (10) Patent No.:     **US D518,382 S**
McGuinness    (45) Date of Patent:    **    Apr. 4, 2006**

(54) **BOTTLE AND CAP**

(75) Inventor: **Palmer McGuinness**, Coral Springs, FL (US)

(73) Assignee: **Parlux Fragrances, Inc.,** Ft. Lauderdale, FL (US)

(**) Term: **14 Years**

(21) Appl. No.: 29/213,979

(22) Filed: **Sep. 23, 2004**

(51) LOC (8) Cl. .................................................... **09-01**
(52) U.S. Cl. ........................... **D9/504**; D9/552; D28/89
(58) **Field of Classification Search** .......... D9/446–449, D9/500, 502–505, 529, 551, 552, 558, 564, D9/686–688, 690, 692, 693, 694, 723–727, D9/900; D28/7, 85–89, 90
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D196,413 | S | * 9/1963 | McCormick | D28/89 |
| D242,221 | S | * 11/1976 | Lonegren | D9/688 |
| D249,928 | S | * 10/1978 | DE Nijs | D9/690 |
| D260,564 | S | * 9/1981 | Jedzinak et al. | D28/89 |
| D378,492 | S | * 3/1997 | Salle | D9/690 |
| D403,123 | S | * 12/1998 | Sgariboldi | D28/76 |
| D421,567 | S | * 3/2000 | Caporella et al. | D9/668 |
| D438,065 | S | * 2/2001 | Young et al. | D7/591 |
| D492,601 | S | * 7/2004 | Ogata et al. | D9/506 |

FOREIGN PATENT DOCUMENTS

GB        1009999    * 10/1983

GB        1056846    * 8/1989

OTHER PUBLICATIONS

Modern Packaging, "Facial Tissue Dispenser",© Sep. 1970, Hoxy Corp., Tokyo & NY, p. 52, upper left.*
Aerosol Age, "Fragrances", © Aug. 1981, p. 34, New Products, Fragrances. Bottle by Barbara Cortlandlower right.*

* cited by examiner

*Primary Examiner*—Carol Rademaker
*Assistant Examiner*—Dana Sipos
(74) *Attorney, Agent, or Firm*—Blakely, Sokoloff, Taylor & Zafman LLP

(57)        **CLAIM**

The ornamental design for a bottle and cap, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view showing my new design;
FIG. **2** is a front elevational view thereof, the rear elevational view being identical, except for the unclaimed environment; and,
FIG. **3** is a top plan view thereof.
The bottom is flat and devoid of surface ornamentation.
The broken lines shown in the drawings are for illustrative purposes only and form no part of the claimed design.
For clarity of illustration, the helical pattern shown on the sidewall in FIGS. **1** and **2** has not been shown on the opposing sidewall as would be seen through the transparent surface. However, the helical line pattern is continuous around the sidewall.

**1 Claim, 2 Drawing Sheets**



**Exhibit 2**



*FIG. 1*



**FIG. 2**



**FIG. 3**

UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.        : Des. 518,382 S                                Page 1 of 1
APPLICATION NO. : 29/213979
DATED             : April 4, 2006
INVENTOR(S)      : McGuinness

It is certified that error appears in the above-identified patent and that said Letters Patent is
hereby corrected as shown below:

On the Title Page, in Item [56], Other Publications, line #2, please insert -- D9 Cosmetic
Beauty Supplies Box #2, Design Library -- following "upper left".

On the Title Page, in Item [56], Other Publications, line #5, please insert -- D9 Cosmetic
Bottles Box #1, Design Library -- following "right".

Signed and Sealed this

Twentieth Day of November, 2007

JON W. DUDAS
*Director of the United States Patent and Trademark Office*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| PARIS HILTON, and PARLUX FRAGRANCES, LLC | GENESIS INTERNATIONAL PERFUME |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>BLAKELY LAW GROUP          Telephone: (323) 464-7400<br>915 North Citrus Avenue, Hollywood, California 90038 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement under Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV13-00074**

**FOR OFFICE USE ONLY:**     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                 ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | All Plaintiffs - Florida |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Claims - Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date 1/3/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |